Matthew A. Rosenthal, Esq. (SBN 279334)
Matt@westgatelaw.com
Westgate Law
15760 Ventura Blvd., Suite 880
Los Angeles, CA 91436
T: (818) 200-1497; F: (818) 574-6022
Attorneys for Plaintiff,
PIPER ZIV

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| PIPER ZIV, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| v. | **(Unlawful debt collection practices)** |
| WESTSIDE RECOVERY SERVICES, LLC; LEONARD GILBERT d/b/a WESTSIDE RECOVERY SERVICES, LLC; LEONARD GILBERT, an individual; | |
| Defendant(s). | |

PIPER ZIV (Plaintiff), by her attorneys, WESTGATE LAW, alleges the following against WESTSIDE RECOVERY SERVICES, LLC; LEONARD GILBERT d/b/a WESTSIDE RECOVERY SERVICES, LLC; LEONARD GILBERT, an individual (Defendants):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* (RFDCPA).

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state law claims contained herein.

4. Defendant Westside Recovery Services, LLC maintains a principal place of business in Los Angeles, California and conducts business throughout the state of California; therefore, personal jurisdiction is established.

5. Defendant Leonard Gilbert d/b/a Westside Recovery Services, LLC maintains a principal place of business in Los Angeles, California and conducts business throughout the state of California; therefore, personal jurisdiction is established.

6. Upon information and belief, Defendant Leonard Gilbert, an individual, is a resident and citizen of the State of California residing in the Los Angeles area, and more specifically Plaintiff believes the County of Residence to be Los Angeles County. Upon information and belief, Defendant Leonard Gilbert, an individual, is also the owner of Westside Recovery Services, LLC, either as a standalone business entity or as a dba.

7. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

**PARTIES**

8. Plaintiff is a natural person residing in Oxnard, Ventura County, California.

9. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

10. Defendant Westside Recovery Services, LLC is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

11. Defendant Leonard Gilbert d/b/a Westside Recovery Services, LLC is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

12. Defendant Leonard Gilbert, an individual, is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

13. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. Since 2015, and specifically within one year prior to the filing of this action, Defendants contacted and/or attempted to contact Plaintiff to collect money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt" originally owed to someone other than Defendant.

15. Defendants sent a letter to Plaintiff dated December 11, 2015, in an attempt to collect a debt allegedly owed by Plaintiff to Kansal, Inc. *See* Collection Letter attached hereto as Exhibit "A."

16. Plaintiff's alleged debt owed to Kansal, Inc. arose from transactions for personal, household, and/or family purposes.

17. Defendants' December 11, 2015 letter was Defendant's initial correspondence with Plaintiff.

18. Defendants' letter stated as follows:

> If you notify this office within 30 days from receiving this notice, this office will obtain verification of this debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.

*See* Exhibit "A."

19. Defendants' letter failed to state that a writing is required from Plaintiff disputing the debt or requesting verification in order for Defendant to provide verification of the debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692g(a)(4) of the FDCPA by failing to include in its initial correspondence with Plaintiff a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

WHEREFORE, Plaintiff, PIPER ZIV, respectfully requests judgment be entered against Defendants, WESTSIDE RECOVERY SERVICES; LEONARD GILBERT d/b/a WESTSIDE RECOVERY SERVICES, LLC; LEONARD GILBERT, an individual, for the following:

21. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

23. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

25. Defendant violated the RFDCPA based on the following:

    a. Defendant violated §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692.

WHEREFORE, Plaintiff, PIPER ZIV, respectfully requests judgment be entered against Defendants, WESTSIDE RECOVERY SERVICES; LEONARD GILBERT d/b/a WESTSIDE RECOVERY SERVICES, LLC; LEONARD GILBERT, an individual for the following:

26. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

27. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: December 30, 2015          WESTGATE LAW

By: /s/ Matthew A. Rosenthal
Matthew A. Rosenthal
Attorney for Plaintiff